UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ODISH and
CRANBROOK CAPITAL
CONSULTING GROUP, LLC

      Plaintiffs,                                Case No. 13-CV-14026

                                           Hon. Judge Laurie J. Michelson

v.                                            Hon. Magistrate Komives

PEREGRINE SEMICONDUCTOR, INC.,
MORGENTHALER VENTURES, GARY
MORGENTHALER, GAYE MELISSA
MORGENTHALER, DAVID JONES,
jointly and severally

      Defendants.
_____/

| ODISH & ASSOCIATES, PLLC | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
|---|---|
| Joseph Odish (P53629) | Michael P. Hindelang (P62900) |
| 39341 Fulton Ct., Ste. 100 | 2290 First National Building |
| Farmington Hills, MI 48331 | 660 Woodward Avenue |
| (310) 345-2802 | Detroit, Michigan 48226-3506 |
| josephodish@gmail.com | (313) 465-7000 |
| Attorneys for Plaintiffs | mhindelang@honigman.com |
| | and |
| | KEKER & VAN NEST LLP |
| | Stuart L. Gasner |
| | 633 Battery Street |
| | San Francisco, CA 94111 |
| | (415) 676-2209 |
| | sgasner@kvn.com |
| | Attorneys for Defendants |

_____/

1

TO THE HONORABLE COURT, ATTORNEYS OF RECORD AND RELEVANT PARTIES:

## NOTICE OF ADDITIONAL AND ONGOING FRAUD BY DEFENDANTS AND RELATED ENTITIES

1. As this Honorable Court is aware, Plaintiffs have filed a number of legitimate Requests for Judicial Notice (including but not limited to Docket Entries #37, #38, #39 etc) that related to a variety of matters but especially to University of Michigan licensing agreement with the Morgenthaler Ventures-backed Oncomed Pharmaceuticals.

2. As this Honorable Court is aware, a number of SEC filings relating to Morgenthalers (or entity thereof) and related individuals have made and continue to make as recent as yesterday – August 21, 2014 – what are fraudulent filings, especially with respect Oncomed. Plaintiffs respectfully ask this Court to review the filings and exhibits on docket filed by Plaintiffs and compare them to the most recent Oncomed Pharmaceuticals, *See Exhibit 1, Oncomed Pharmaceuticals SEC filing as of today.*

3. In the previous filing, Plaintiffs made the Court aware of an absurd and fraudulent filing by the attorney, Howard Fredman, requesting a stay of all related pending proceedings. This would of course include this action and the recently unsealed qui tam action. It was an absurd and fraudulent filing and denied. But if there is any doubt, that attorney Gasner is working in concert with Attorney Fredman to engage in wrongful conduct to destroy

2

15138113.1

Plaintiffs' right, please SEE EXHIBIT 2, email from Stuart Gasner to Odish requesting the exact same and fraudulent relief – a stay of all proceedings.

4. Plaintiffs have grown tired of being victims of fraudulent activity, the scope of which involves multiple actions, extensive facts substantiated by documentation.

5. As Plaintiffs and their Los Angeles attorney attended to the disturbing actions in Los Angeles, Plaintiffs have not yet had time to prepare their Consolidated Motion For Injunctive Relief/Sanctions as well as address the jurisdiction and venue issue wherein Plaintiffs will provide extensive case law supporting proposition that under Section 27 of the Act, jurisdiction and venue is proper.[1]

6. Plaintiffs of course still seek amendment of complaint and the fraudulent acts of Defendants and related entities only further the liberal standard of amendment "when justice so requires" under Fed. Rule Civ. Pro. 15.

---

[1] In securities action brought under § 27 of Securities Exchange Act ( *15 USCS § 78aa*), venue is proper if any use of instrumentalities of mails or other interstate facilities have been made within forum district constituting important step in execution of fraudulent, deceitful scheme or in its consummation; where defendant on two occasions employed mails to transmit to plaintiff in forum state materials which effected illegal actions, venue was proper. *Sarratt v Walker (1975, DC SC) 405 F Supp 132.* In multi-defendant and multi-forum securities fraud action brought under Federal Securities Exchange Act, any act committed material to and in furtherance of alleged fraudulent scheme will satisfy venue requirements of § 27 of Act ( *15 USCS § 78aa*) as to all defendants wherever defendants are found; it is enough if any act or transaction by any defendant occurred there. *Bertozzi v King Louie International, Inc. (1976, DC RI) 420 F Supp 1166, CCH Fed Secur L Rep P 95840, 22 FR Serv 2d 231.*

15138113.1

Respectfully Submitted, **/s/Joseph Odish**

Dated August 22th, 2014          Joseph Odish

Certificate of Service provided by ecf e-filing system.

15138113.1