UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ODISH and CRANBROOK
CAPITAL CONSULTING GROUP, LLC,

        Plaintiffs,

     v.

PEREGRINE SEMICONDUCTOR, INC.,
MORGENTHALER VENTURES, GARY
MORGENTHALER, GAYE MELISSA
MORGENTHALER, and DAVID JONES,
jointly and severally,

        Defendants.

_____/

CASE NO. 2:13-CV-14026
JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULES 12(b)(2) AND 12(b)(3)  (docket #36)**

I.    <u>RECOMMENDATION</u>: The Court should conclude that it lacks personal jurisdiction over defendants.  Accordingly, the Court should grant defendants' motion to dismiss pursuant to Rule 12(b)(2).

II.    <u>REPORT</u>:

A.    *Background*

Plaintiff Joseph Odish, an attorney appearing *pro se*, commenced this action on September 19, 2013.  Plaintiff commenced a separate action on his own behalf and on behalf of Cranbrook Capital Consulting Group, LLC, on January 22, 2014.  The two actions were consolidated on February 12, 2014, and plaintiffs filed an amended complaint on March 31, 2014.  Plaintiff's 174-page complaint asserts 23 causes of action against defendants arising from plaintiffs' relationship with Cognitive Code, Inc.  As succinctly summarized by defendants, "[p]laintiff's allege that they

have an ownership interest in Cognitive code, and that the value of Cognitive Code and its core technology, an artificial intelligence platform called SILVIA, have been diminished by acts of Defendants in this action and various sets of alleged Co-Conspirators, including the Cognitive Code principals[.]" Br. in Supp. of Def.s' Mot. to Dismiss, at 3 (citing 1st Amend. Compl., ¶¶ 2, 5-7, 22, 44, 53, 56).  The named defendants in this action are:

- Gary Morgenthaler, "a resident of California and a principal equity partner of Morgenthaler Ventures," 1st Amend. Compl., ¶ 15;

- Peregrine Semiconductor Systems, "[a] publicly traded company . . . that Gary Morgenthaler . . . has a significant equity interest in" that "specializes in the manufacture and distribution of semiconductor chips used in mobile, aerospace and other technology industries," *id.*, ¶¶ 16-17;

- Gaye Elizabeth Morgenthaler,[1] "a resident of California and . . . a significant stakeholder in the private capital venture firm that bears her name," as well as a "member[] of the Advisory Board of Cognitive Code," *id.*, ¶ 18;

- David Jones, "a resident of California and married to Defendant Gaye [Elizabeth] Morgenthaler," and also a member of the Cognitive Code Advisory Board, *id.*, ¶ 19; and

- Morgenthaler Ventures, "a Delaware Corporation that specializes in Venture Capital funding," with a main office in Menlo Park, California and additional offices in Cleveland, Ohio, and Boston, Massachusetts, *id.*, ¶ 20.

Plaintiffs' amended complaint includes a single paragraph relating to the Court's jurisdiction and venue:

SECURITY FRAUD AND OTHER FEDERAL MATTERS RENDERING JURISDICTION AND VENUE PROPER IN THIS DISTRICT.  The jurisdiction of this Court is based upon § 22 of the Securities Act of 1933, 15 U.S.C. § 77v, Section 27 of the Securities Exchange Act of 1934 ("Exchange Act), 15 U.S.C. § 78aa, 28 U.S.C. § 1331 and principles of supplemental jurisdiction, 28 U.S.C. § 1367.  Venue is proper in this district pursuant to § 27 of the Exchange Act and 28 U.S.C. §

---

[1] Plaintiff's complaint identifies Gaye's middle name as Melissa, but defendants indicate that her middle name is actually Elizabeth.

2

1391(b). Defendant Peregrine Semiconductor is a publically traded company; many of the acts herein this district and all the named Defendants conduct substantial business in this District. Securities Subject Matter jurisdiction: This action also arises under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§ 78j(b) and 78t, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. 240.10b-5. Jurisdiction is based upon Section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331. Venue is thus also proper in this District under section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b). Defendants maintained its United States offices, transacts business, and has agents in this District. Further, the wrongs alleged herein occurred in substantial part in this District. That wrongful conduct included the preparation of false and misleading information in this District and the dissemination of that false information to the investing public from this District.

(i)     Additionally Venue in this district in which codefendant effected important part of swindle is proper venue for defendant even if the defendant has had no contacts with that district. . . . While all defendants have and continue to have contact with this district and Peregrine, as stated above, is a publicly traded company, Mr. Gary Morgenthaler is the key principal.

(ii)     Gary Morgenthaler is the defendant that "effected the swindle" and perpetrated the fraud upon Plaintiffs, knowing full well of their stock and contractual rights.

(iii)     Moreover, Gary Morgenthaler, as established below per SEC definition "exercises control" over Morgenthaler Ventures and other entities, including a Morgenthaler-backed entity that just went public in the summer of 2013 and has a Technology Collaboration with the University of Michigan. The name of the company is ONCOMED and may be just as tainted as . . . the other entities.

(iv)     Venue is proper under 1391(b) in this district because the fraudulent scheme was in large part carried out by the use of instrumentalities of commerce and mails to effectuate the fraud and the illegal and unlawful misconduct which remains ongoing.

(v)     UNDER CO-CONSPIRACY THEORY OF VENUE, it is not necessary that each named defendant have engaged in transactions in Forum district and act of single defendant is therefore deemed to be act of all defendants, establishing venue as to all Defendants in that District; therefore, venue is proper where important steps in the execution and consummation of the fraudulent scheme.

1st Amend. Compl., ¶ 59.

The matter is currently before the Court on defendants' motion to dismiss, filed on June 25, 2014. Defendants argue that they are entitled to dismissal pursuant to FED. R. CIV. P. 12(b)(2) because the Court lacks personal jurisdiction over them. Alternatively, defendants argue that they

are entitled to dismissal under Rule 12(b)(3) because venue in this District is improper. Finally, defendants seek transfer of the case to the United States District Court for the Northern District of California for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Plaintiffs have not a filed a response to defendants' motion.[2]

B.    *Legal Standard*

"Where [as here] a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)) (alterations by quoting court omitted). As the Sixth Circuit explained in *Kerry Steel*,

> [p]ersonal jurisdiction comes in two flavors: "general" jurisdiction, which depends upon a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiffs may have against the defendant, and "specific" [or "limited"] jurisdiction, which exposes the defendant to suit in the forum state only on claims that "arise out of or relate to" a defendant's contacts with the forum.

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (citations omitted).

---

[2]Plaintiffs have filed various requests for judicial notice. Plaintiffs have also filed a motion for leave to file an amended complaint, which has been denied by a separate Order entered on this date.

At the outset, I note that the Court may simply grant defendants' motion to dismiss as unopposed. As noted above, plaintiffs have not filed a response to defendants' motion although their time for doing so has long since expired. *See* E.D. Mich. LR 7.1(e)(1)(B). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(c)(1) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may be granted on that basis. *See Brohson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995).

The Sixth Circuit has explained the legal standards and burdens of proof governing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction:

> The plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n. 3 (6th Cir. 2006); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). But where, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. *Kroger*, 437 F.3d at 510. In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions. *See Kerry Steel*, 106 F.3d at 153; *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

*Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Where, as here, a court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing, "the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise, specific facts showing that the court has jurisdiction." *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (internal quotation omitted). In such a case, although the pleadings and affidavits must be viewed in the light most favorable to the plaintiff, it nevertheless "remains the plaintiff's burden [to establish personal jurisdiction] and the complaint must have established with reasonable particularity those specific facts that support jurisdiction." *Palnik v. Westlake Entertainment, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009) (internal quotation omitted). "[M]ere 'bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).[3]

---

[3]Ordinarily a *pro se* complaint is entitled to a generous construction and is to be liberally construed. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This rule is inapplicable where,

C.      *Discussion*

    1.      *General Jurisdiction*

        *a. The Individual Defendants*

As relates to general personal jurisdiction over individuals, Michigan's long-arm statute provides, in its entirety:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
> (1) Presence in the state at the time when process is served.
> (2) Domicile in the state at the time when process is served.
> (3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

MICH. COMP. LAWS § 600.701.  Under Michigan law, these are the "only three ways to establish general personal jurisdiction over a non-resident defendant."  *Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025, 1027 (E.D. Mich. 1993) (Gadola, J.).

With respect to the individual defendants, plaintiffs cannot show that they are subject to general personal jurisdiction under § 600.701.  The individual defendants each aver that they were served process outside the state of Michigan.  *See* Def.'s Br., Ex. A, Decl. of Gary Morgenthaler, ¶ 3 [hereinafter "Gary Morgenthaler Decl."]; Ex. B, Decl. of Gaye Elizabeth Morgenthaler, ¶ 6 [hereinafter "Gaye Morgenthaler Decl."]; Ex. C, Decl. of David Jones, ¶ 5 [hereinafter "Jones Decl."].  Plaintiffs do not allege that these defendants were present in the state of Michigan when served.  Likewise, each of the individual defendants avers that he or she lives outside the state of Michigan, and has since before the events giving rise to this suit.  *See* Gary Morgenthaler Decl., ¶

---

as here, the *pro se* party is an attorney.  *See Bernard v. Commissioner of Internal Revenue*, 539 Fed. Appx. 431, 431 (5th Cir. 2013).

3; Gaye Morgenthaler Decl., ¶ 5; Jones Decl., ¶ 4.   Far from contradicting these averments, plaintiffs' amended complaint confirms them.  *See* 1st Amend. Compl., ¶¶ 15, 18-19.[4]  Finally, each individual defendant avers that he or she has not consented to be sued in the state of Michigan, and plaintiffs provide no allegation otherwise.  *See* Gary Morgenthaler Decl., ¶ 4; Gaye Morgenthaler Decl., ¶ 7; Jones Decl., ¶ 6. Because "[t]he [i]ndividual [d]efendants were not present in Michigan at the time of service of the Summons in this action, have not consented to the jurisdiction of this Court, and are not domiciled in Michigan[,] . . . [p]laintiff[s] ha[ve] alleged no basis for the Court's assertion of general personal jurisdiction over any of the [i]ndividual [d]efendants."  *SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 771 (E.D. Mich. 2013) (Berg, J.).

### c.  The Corporate Defendants

With respect to general personal jurisdiction over corporate defendants, Michigan's long-arm statute provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
> (1) Incorporation under the laws of this state.
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
> (3) The carrying on of a continuous and systematic part of its general business within the state.

MICH. COMP. LAWS § 600.711.

Scott Walters, Chief Operating Officer of Morgenthaler Management Corporation, avers that the corporation is incorporated in Ohio and has its principal place of business in Menlo Park,

---

[4]Under Michigan law, residence in the state with an intent to remain are necessary to deem a defendant a domiciliary of Michigan.  *See Theunissen*, 935 F.2d at 1463 n.4.

7

California.  *See* Def.s' Br., Ex. D, Decl. of Scott Walters, ¶ 3 [hereinafter "Walters Decl."].[5]  Jay Biskupski, Chief Financial Officer of defendant Peregrine Semiconductor Systems, avers that Peregrine is incorporated in Delaware and has its principal place of business in San Diego, California.  *See* Def.s' Br., Ex. E, Decl. of Jay Biskupski, ¶ 4 [hereinafter "Biskupski Decl."].  Plaintiffs do not contest these averments.  *See* 1st Amend. Compl., ¶ 16-17, 20.  Further, Walters and Biskupski aver without contradiction that neither Morgenthaler Ventures nor Peregrine have consented to suit in Michigan.  *See* Walters Decl., ¶ 6; Biskupski Decl., ¶ 5.  Thus, general personal jurisdiction over these defendants exists only if they "carry[] on . . . a continuous and systematic part of [their] general business within the state."  MICH. COMP. LAWS § 600.711(3).

The language of § 600.711(3) "mirrors the 'continuous and systematic' contacts required by due process," *Dorsey v. American Golf Corp.*, 98 F. Supp. 2d 812, 814 n.4 (E.D. Mich. 2000) (Duggan, J.), and thus general jurisdiction cases decided under the Due Process Clause are helpful. *See also*, *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (applying Michigan law).  Although there is no specific definition of "continuous and systematic," Michigan "courts have looked at whether the particular corporate entity has a physical location, officers, employees, or bank accounts in Michigan," as well as "a corporation's conduct in soliciting and procuring sales and purchases within Michigan." *Glenn v. TPI Petroleum, Inc.*, 305 Mich. App. 698, 707, 854 N.W.2d 509, 515 (2014).  "[A] foreign corporation must actually be present within the forum state on a regular basis, either personally or through an independent agent, in order to be

---

[5]Although Morgenthaler Ventures is named as a defendant, Walters avers that "Morgenthaler Ventures is not a legal entity."  Rather, "the Morganthaler companies use Morgenthaler Ventures as a trade name.  Morgenthaler Management Corporation ('MMC') is the operational entity for the group of related entities that is commonly referred to as Morgenthaler Ventures."  Walters Decl., ¶ 3.  For consistency, I will continue to refer to this corporate defendant as Morgenthaler Ventures.

subjected to general personal jurisdiction." *Id.* at 708, 854 N.W.2d at 516 (internal quotation omitted). In other words, "courts in Michigan would have general jurisdiction over defendants if defendants had a general plan for conducting business on a regular basis within the state of Michigan." *Id.* at 709, 854 N.W2d at 516; *cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (for general jurisdiction, "the inquiry . . . is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render it essentially at home in the forum State.'"). Plaintiffs have failed to allege these types of continuous and systematic contacts between the corporate defendants and the state of Michigan.

Walters avers that Morgenthaler Ventures has no offices in Michigan, owns no companies headquartered in Michigan, does not regularly transact business in Michigan, and does not own or use any real or tangible property in Michigan. *See* Walters Decl., ¶¶ 7-8. Similarly, Biskupski avers that Peregrine does not maintain an office or regularly transact business in Michigan, and does not own or use any real or tangible property in Michigan. *See* Bikupski Decl., ¶¶ 6-7. Plaintiffs' amended complaint contains no specific allegations that the corporate defendants conduct any business in Michigan whatsoever. Plaintiffs' conclusory assertion that the defendants "conduct substantial business in this District . . . maintained . . . offices, transact[] business, and ha[ve] agents in the District" are insufficient to "establish[] with reasonable particularity those specific facts that support jurisdiction." *Palnik*, 344 Fed. Appx. at 251; *see Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("[V]ague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction.") To the extent that plaintiffs rely on Peregrine being a publicly traded company, *see* 1st Amend. Compl., ¶ 59, this alone is insufficient to support general personal

jurisdiction. *See Indah v. United States Securities & Exchange Comm'n*, 661 F.3d 914, 923 (6th Cir. 2011) (there is "no authority for the proposition that a sale of stock to the general public that includes residents of the forum state constitutes 'continuous and systematic' contact with that state sufficient to confer general personal jurisdiction; instead, there is authority for the exact opposite conclusion.").  Nor is Morgenthaler Ventures's ownership interest in OncoMed Pharmaceuticals, which in turn has a technology collaboration with the University of Michigan, *see* 1st Amend. Compl., ¶ 59, sufficient to establish general personal jurisdiction.  Plaintiffs have provided no allegations which would allow the Court to pierce the corporate veil separating Morgenthaler Ventures from OncoMed, and thus Morgenthaler Ventures's alleged "activities amount[] only to conducting business with a non-Michigan company ([OncoMed]) that, in turn, did business with" a Michigan company. *Indah*, 661 F.3d at 922-23; *cf. Goodyear Dunlap Tires*, 131 S. Ct. at 2857 (absent piercing of the corporate veil, parent corporation's contacts with forum state are insufficient to support exercising general personal jurisdiction over subsidiary).  Accordingly, the Court should conclude that it lacks general personal jurisdiction over the corporate defendants.

2.      *Specific Jurisdiction*

With respect to specific personal jurisdiction over individual defendants, the Michigan long-arm statute provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property

2:13-cv-14026-LJM-APP   Doc # 50   Filed 11/17/14   Pg 11 of 15   Pg ID 2017

situated within the state.

> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS § 600.705.  The statute relating to corporations is identical, except for the omission of paragraphs (6) and (7).  For jurisdiction to attach under these statutes, the plaintiffs' claims must "arise from or relate to those contacts" set forth in the statute.  *Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F. Supp. 2d 823, 828 (E.D. Mich. 2002) (Lawson, J.); *see also*, *Unistrut Corp.*, 815 F. Supp. at 1027.  In other words, plaintiffs must demonstrate that defendants had one of the contacts set forth in the statute and that the contact "is directly and substantially related to the plaintiff's claim."  *Lafarge Corp.*, 220 F. Supp. 2d at 828.

Plaintiffs make no allegations that any of the defendants owned, used, or possessed real property in Michigan; contracted to insure a property or person in Michigan; entered into a contract for services to be rendered or for materials to be furnished in Michigan; or acted as a director or officer of a corporation which was incorporated or had its principal place of business in Michigan, and the individual defendants and corporate representatives aver without contradiction that they had no such contacts with the state of Michigan.  Nor have plaintiffs alleged that any of the defendants transacted any business in Michigan or did or caused any act to be done in Michigan resulting in a tort.  Plaintiffs make generalized allegations of a conspiracy among the defendants and various other individuals, but these general allegations are insufficient to establish personal jurisdiction over

11

defendants.  As the Michigan Court of Appeals recently explained:

> Under the "conspiracy theory" of jurisdiction, a conspirator not within the forum state may nevertheless be subject to the jurisdiction of the forum state on the basis of the acts a coconspirator committed there. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236–1237 (C.A.6, 1981). The rationale for this rule is that when one member of a conspiracy "inflicts an actionable wrong in one jurisdiction, the other member should not be allowed to escape being sued there by hiding in another jurisdiction." *Stauffacher v. Bennett*, 969 F.2d 455, 459 (C.A.7, 1992). But mere allegations that a conspiracy exists between the defendant and another over whom the court has jurisdiction are insufficient. *Id*. at 460; *Chrysler Corp.*, 643 F.2d at 1236–1237. Rather, evidence or facts must support the allegations of conspiracy. *Chrysler Corp.*, 643 F.2d at 1236–1237; *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (C.A.6, 1988); *Coronet Dev. Co. v. F.S.W., Inc.*, 3 Mich. App. 364, 369, 142 N.W.2d 499 (1966).

*Yoost v. Caspari*, 295 Mich. App. 209, 224-25, 813 N.W.2d 783, 792 (2012).[6] Here, plaintiffs' complaint is devoid of sufficient factual allegations to show a plausible claim of conspiracy. "A plaintiff asserting a conspiracy claim . . . must allege sufficient facts to suggest a 'meeting of the minds' to participate in unlawful activity among the alleged coconspirators. . . . [A] plaintiff cannot simply incant the magic words 'conspiracy' or 'agreement' in order to adequately plead a conspiracy claim." *Buetow v. A.L.S. Enters., Inc.*, 564 F. Supp. 2d 1038, 1041 (D. Minn. 2008). "[M]ere allegations of conspiracy . . . do not give jurisdiction over all the alleged coconspirators." *Chrysler Corp.*, 643 F.2d at 1236 (internal quotation omitted); *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1155 n.3 (6th Cir. 1990); *Coronet Development Co. v. F.S.W., Inc.*, 3 Mich. App. 364, 369, 142 N.W.2d 499, 501 (1966) (assuming without deciding that conspiracy theory of personal

---

[6]A number of courts "have expressed doubt over the theory's validity or held that an application of the theory would violate a defendant's due process rights." *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 514 n.34 (S.D. Iowa 2007) (citing cases).  In the cases discussed above, the Michigan Court of Appeals and Sixth Circuit have assumed that the theory is viable but found it to be inapplicable in the case before the court.  No Michigan or Sixth Circuit case has explicitly adopted the conspiracy theory of personal jurisdiction, nor has any Michigan or Sixth Circuit case found personal jurisdiction to in fact exist based on the conspiracy theory of jurisdiction.

jurisdiction is viable in Michigan, plaintiff's vague allegations of conspiracy were insufficient to establish jurisdiction; "[m]ere characterization as a conspiracy is not sufficient.").

Moreover, plaintiffs' complaint is devoid of any allegations that any member of the conspiracy directed any activity at Michigan such that they would be subject to personal jurisdiction themselves. The conspiracy theory of personal jurisdiction "does not apply" "if no member of the alleged conspiracy has committed an act within the forum sufficient to render her subject to personal jurisdiction." *World Wide Travel, Inc. v. Travelmate US, Inc.*, 6 F. Supp. 3d 1, 9 (D.D.C. 2013). Plaintiffs do not allege that any of the acts in furtherance of the conspiracy occurred in Michigan; on the contrary, it appears that the bulk of the alleged tortious acts occurred in California. More importantly, even if some member of the alleged conspiracy directed activities at Michigan, this alone would not render the exercise of personal jurisdiction over the defendants compatible with the requirements of due process. As another court has explained:

> Within the specific jurisdiction analysis, a plaintiff must establish the defendant purposefully availed himself of the forum. An allegation that a particular defendant caused or contributed to an effect in the forum state, by itself, is insufficient, even if it is foreseeable that the defendant's conduct would have an effect in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The defendant, not his co-conspirator, must choose to direct his activities at the forum in causing the effect in the forum. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ( "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Consequently, a co-conspirator's activity directed at the forum, even if in furtherance of a conspiracy of which the foreign defendant is a member, cannot constitute purposeful direction at the forum by the foreign defendant. The Court thus concludes that allegations of specific acts committed by a co-conspirator in the forum in furtherance of the conspiracy, alone, are insufficient to establish minimum contacts by a defendant who otherwise has no contacts with the forum.

*In re Western States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1139-40 (D. Nev. 2009);

*see also*, *United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 912-13 (N.D. Ill. 1999)

13

(internal quotation omitted) ("[D]ue process requires, at a minimum, a factual showing of a conspiracy and a factual connection between the acts of the conspirator who was present in the jurisdiction and the conspirator who was absent.  Simply alleging that a corporate defendant participated in a conspiracy and that another member of the conspiracy committed a tort in the forum state is not enough to reach the defendant who is an absent co-conspirator.").

In short, plaintiffs' conclusory allegations that defendants engaged in a conspiracy that had some effect in Michigan are insufficient to meet their burden of "establishing with reasonable particularity those specific facts that support jurisdiction."  *Palnik*, 344 Fed. Appx. at 251.  Accordingly, the court should conclude that it lacks specific personal jurisdiction over both the individual and corporate defendants.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that it lacks personal jurisdiction over the named defendants.  Accordingly, the Court should grant defendants' motion to dismiss pursuant to Rule 12(b)(2).

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

14

*Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 17, 2014              s/Paul J. Komives
                                      PAUL J. KOMIVES
                                      UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on November 18, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Paul J. Komives


15