UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ODISH and CRANBROOK
CAPITAL CONSULTING GROUP, LLC,

    Plaintiffs,

v.

PEREGRINE SEMICONDUCTOR,
INC., MORGANTHALER VENTURES,
GARY MORGANTHALER,
GAYE MELISSA MORGANTHALER,
and DAVID JONES,
jointly and severally,

    Defendants.

Case No. 13-cv-14026
Honorable Laurie J. Michelson
Magistrate Judge Paul J. Komives

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [50] AND GRANTING DEFENDANTS' MOTION TO DISMISS [36]**

    Plaintiff Joseph Odish, a Michigan attorney, brought this lawsuit *pro se* on behalf of himself and his company, Plaintiff Cranbrook Capital Consulting, LLC. In their 174-page, twenty-three count Amended Complaint, Plaintiffs allege that they have an ownership stake in the technology company Cognitive Code. Cognitive Code developed the software program SILVIA, an artificial intelligence product alleged to be a competitor with Apple's SIRI. Plaintiffs say that they invested time and money in Cognitive Code to make it more valuable, but that Defendants, investors and advisors for the company, have diminished its value and that of the SILVIA program through their allegedly wrongful conduct.

    On June 25, 2014, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Procedure 12(b)(2) and 12(b)(3). (Dkt. 36.) Plaintiffs did not respond, though they did file multiple requests for judicial notice regarding non-party Oncomed Pharmaceuticals, a company

allegedly connected with the Defendants. (Dkts. 37, 38, 42.) On November 17, 2014, Magistrate Judge Paul J. Komives issued a Report and Recommendation that Defendants' motion be granted pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. 50.) Plaintiffs filed objections (Dkt. 52) and Defendants responded (Dkt. 53).

The Court has reviewed the Report, Plaintiffs' objections, and Defendants' response. The Court concludes that most of Plaintiffs' objections are waived due to their failure to respond to Defendants' Motion to Dismiss. And the unwaived objections do not demand reversal of the Report and Recommendation. Thus, the Report and Recommendation will be ADOPTED and Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) will be GRANTED.

## I. BACKGROUND

In their Motion, Defendants argued that this Court lacks personal jurisdiction over them and that venue is improper in this Court. (Defs.' Br. at 1–2.) They also ask that this case be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). (*Id.*) The relevant allegations regarding the Defendants, as stated in the Amended Complaint, are as follows:

> Defendant Gary Morgenthaler is a resident of California and a principal equity partner of Morgenthaler Ventures.
>
> Defendant PEREGRINE SEMICONDUCTOR SYSTEMS. A publicly traded company with ticker symbol PMSI that Gary Morgenthaler still has a significant equity interest and exercises "control" over per SEC regulations and definitions. . . .
>
> Defendant Gaye Melissa Morgenthaler is a resident [of] California and upon information and belief, a significant stakeholder in the private venture capital firm that bears her name. She and her husband Defendant David Jones are presently members of the Advisory Board of Cognitive Code per the corporation website. . . .

> Defendant David Jones is a resident of California and married to Defendant Gaye Melissa Morgenthaler.
>
> Defendant Morgenthaler Ventures is a Delaware Corporation that specializes in Venture Capital funding. . . . [with] their main office in Menlo Park, California. And other offices in Cleveland, Ohio, where the subsidiary Morgenthaler Private Equity Group is housed. They also have offices in Boston. . . .

(Dkt. 14, Am. Compl., at ¶¶ 15–20.)

As to jurisdiction and venue, the Amended Complaint states as follows:

> The jurisdiction of this Court is based upon § 22 of the Securities Act of 1933, 15 U.S.C. § 77v, Section 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78aa, 28 U.S.C. § 1331 and principles of supplemental jurisdiction, 28 U.S.C. § 1367. Venue is proper in this district pursuant to § 27 of the Exchange Act and 28 U.S.C § 1391(b). Defendant Peregrine Semiconductor is a publically traded company; many of the acts herein this district and all the named Defendants conduct substantial business in this District. Securities Subject Matter jurisdiction: This action also arises under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§ 78j( b) and 78t, and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. 240.10b-5. Jurisdiction is based upon Section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331. Venue is thus also proper in this District under section 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b). Defendants maintained its United States offices, transacts business, and has agents in this District. Further, the wrongs alleged herein occurred in substantial part in this District. That wrongful conduct included the preparation of false and misleading information in this District and the dissemination of that false information to the investing public from this District.
>
> (i) Additionally Venue in district in which codefendant effected important part of swindle is proper venue for defendant even if the defendant has had no contacts with that district. Hill v. Turner (1980, MD Pa) 492 F. Supp. 61, CCH Fed Secur L Rep P 97643. While all defendants have and continue to have contact with this district and Peregrine, as stated above, is a publicly traded company, Mr. Gary Morgenthaler is the key principle.
>
> (ii) Gary Morgenthaler is the defendant that "effected the swindle" and perpetrated the fraud upon Plaintiffs, knowing full well of their stock and contractual rights.
>
> (iii) Moreover, Gary Morgenthaler, as established below per SEC definition "exercises control" over Morgenthaler Ventures and other entities, including a Morgenthaler-backed entity that just went public in summer of 2013

3

>and has a Technology Colloboration with the University of Michigan. The name of the company is ONCOMED and may be just as tainted as [] the other entities.
>
>    (iv) Venue is proper under 1391(b) in this district because the fraudulent scheme was in large part carried out by the use of instrumentalities of commerce and mails to effectuate the fraud and the illegal and unlawful misconduct which remains ongoing.
>
>    (v) UNDER CO-CONSPIRACY THEORY OF VENUE, it is not necessary that each named defendant have engaged in transactions in Forum district and act of single defendant is therefore deemed to be act of all defendants, establishing venue as to all Defendants in that District; therefore, venue is proper where important steps in the execution and consummation of the fraudulent scheme.

(Am. Compl. at ¶ 59.)

Defendants filed their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3) on June 25, 2014. (Dkt. 36.) Plaintiffs did not respond. Instead, they filed three requests for judicial notice of facts regarding Oncomed Pharmaceuticals (Dkts. 37–39) and a request for judicial notice of "ongoing fraudulent activity" (Dkt. 48). None of these filings addressed the arguments in Defendants' Motion to Dismiss. Plaintiffs also filed a Motion for Leave to Amend the Complaint. (Dkt. 43.) Both the Motion to Dismiss and the Motion for Leave to Amend the Complaint were referred to Magistrate Judge Komives. He denied the Motion for Leave to Amend on November 17, 2014. (Dkt. 49.) He entered his Report and Recommendation to Grant Defendants' Motion to Dismiss on the same day. (Dkt. 50.) Plaintiffs filed objections (Dkt. 52) and Defendants responded (Dkt. 53).

The Magistrate Judge recommends that this Court grant Defendants' Motion to Dismiss for lack of personal jurisdiction. In his Report, he first noted that the motion could be granted as unopposed due to Plaintiffs' failure to respond. (Report at 4 n.2.) But he still addressed the substance of Defendants' arguments. He concluded that Plaintiffs could not establish general jurisdiction with respect to the individual defendants under any relevant section of the Michigan

4

long-arm statute, Michigan Compiled Laws § 600.701. (Report at 6–7.) He determined the same with respect to the corporate defendants, referring to Michigan Compiled Laws § 600.711. (Report at 7.) Next, he concluded that Plaintiffs could not establish specific jurisdiction with respect to either the individual or the corporate defendants pursuant to Michigan Compiled Laws § 600.705. Plaintiffs have raised six objections to the Report. (*See* Dkt. 52, Obj.)

## II. STANDARD OF REVIEW

This Court reviews the Magistrate Judge's Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b). Under this rule, the Court performs a de novo review of those portions of the Report and Recommendation that were met with timely and "specific" objections by the parties. Fed. R. Civ. P. 72(b)(3). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

The Sixth Circuit has noted that "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). That is to say, "issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Id.* (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)). This is so because "[t]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Jones-Bey v. Caruso*, No. 1:07-CV-3921:07-CV-3, 2009 WL 3644801, at *1 (W.D.

5

Mich. Oct. 30, 2009) (quoting *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds sub. nom United States v. Hardesty*, 977 F.3d 1347 (9th Cir. 1992) (en banc)); *see also Mitchell v. Cnty. of Washtenaw*, No. 06-13160, 2009 WL 909581, at *4 (E.D. Mich. Mar. 31, 2009) (citing cases to demonstrate that "Courts generally will not consider arguments on review that were not raised before the magistrate judge.").

Moreover, objections to a magistrate's report should "explain[] and cite[] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). Indeed, a general objection to the entirety of a report creates a scenario in which "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.").

**III. ANALYSIS**

Plaintiffs' first objection is that the Report "ignores significant portions of the complaint, the 123 Exhibits submitted in support of the Complaint, as well as Requests for Judicial Notices and the Exhibits submitted in support of those Requests." (Obj. at 2.) But Plaintiffs do not specify those portions of the Amended Complaint, Exhibits, and Requests for Judicial Notice that the Report failed to address. Nor do they specify why these unidentified portions render the Report erroneous. This general statement is not a proper objection and it is not entitled to de novo review. *See Robert*, 507 F.3d at 994; *Howard*, 932 F.2d at 509; *Mira*, 806 F.2d at 637.

In their second objection, Plaintiffs argue that Defendant Gary Morganthaler "is a director of Nuance, a [M]organthaler-[V]entures backed publicly traded entity." (Obj. at 2.)

Plaintiffs argue that Nuance has "systematic and continuous contacts" with this forum because it "sells a product called 'Dragon Dictation'" in "every district in America." (*Id.*) Thus, Plaintiffs say that at minimum, the Court has personal jurisdiction over Defendant Gary Morganthaler—as an agent of Nuance. (*Id.*) But Plaintiffs never presented this argument to the Magistrate Judge. Indeed, Nuance is mentioned only in passing in the allegations of the Amended Complaint, as an example of the investments made by Morganthaler Ventures. (*See* Am. Compl. ¶¶ 20, 71.) Thus, this objection is deemed waived and will not be considered. *See Murr*, 200 F.3d at 902 n.1; *Jones-Bey*, 2009 WL 3644801, at *1.

In their third objection, Plaintiffs say that the Report incorporates the premise that "Morganthaler Ventures is a mere association and not a legal entity," which would "legally negate the applicability of the Civil Rico Statute in matters such as this, 18 U.S.C.S. §§ 1961 *et seq.*" (Obj. at 3.) There was no briefing on the applicability—or relevance—of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), before the Magistrate Judge. The objection is therefore waived. And if Plaintiffs are protesting the terminology used in the Report, the Magistrate Judge explicitly stated that the term "Morganthaler Ventures" was used only for the sake of clarity. (Report at 8 n.5; *see also* Dkt. 36-5, Walters Decl., at ¶ 3 ("Morganthaler Ventures" is not itself a legal entity, it is a trade name encompassing the "Morganthaler Management Corporation . . . six private investment funds that are limited partnerships . . . and related limited liability company entities (LLCs) that support and/or coinvest in the Fund.").)

In their fourth objection, Plaintiffs argue that the Report ignores their requests for judicial notice regarding the Defendants' relationship to Oncomed Pharmaceuticals, Inc. (Obj. at 3.) Even construing Plaintiffs' requests for judicial notice as a response to the motion to dismiss, this

argument does not persuade. Oncomed is alleged to be "a Morganthaler-backed entity that . . . has a Technology Collaboration with the University of Michigan." (Am. Compl. at ¶ 59(iii).) Plaintiffs also allege that Gary Morganthaler "exercises control" over Oncomed. (*Id.* at ¶¶ 59(iii); 292.) Whether Oncomed is incorporated in Michigan or merely conducts some business here is unclear from the allegations of the Amended Complaint, but Securities and Exchange Commission data attached to one of Plaintiffs' requests for judicial notice state that Oncomed is a Delaware corporation with a business address in California. (*See* Dkt. 37-2, EDGAR Search Results, at 1.) The Court finds that Oncomed's relationship with the University of Michigan is insufficient to establish personal jurisdiction over the Defendants.

To the extent that Plaintiffs argue that investing in a company located in this district is enough to subject Defendants to personal jurisdiction, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (citing cases). Rather, Plaintiffs must "provide sufficient evidence" to allow the court to conclude that they are "being brought into court for something [they] have done, not for something [Oncomed] has done." *Id.* Plaintiffs' vague allegations that Oncomed is "likely to [be] part of the conspiracy" (Am. Compl. ¶ 37) alleged in this case do not suffice.

To the extent that Plaintiffs argue that Oncomed is a subsidiary of Morganthaler Ventures, "[p]ersonal jurisdiction over a parent company does not arise merely because the forum state properly asserts jurisdiction over one of its subsidiaries. The analysis must focus on what the parent corporation has done, not its subsidiary." *Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 827 (E.D. Mich. 2002) (citing *Dean*, 134 F.3d at 1273–74). And further, "unless the plaintiff clearly shows otherwise, the Court will presume that companies holding

8

themselves out as parent and subsidiary are in fact separate entities." *Id.* There are no allegations regarding Oncomed and any Morganthaler-related enterprise that would allow the Court to overcome this presumption. Nor do Plaintiffs' requests for judicial notice demand a different conclusion. Far from showing that Peregrine Semiconductor, Inc., "Morganthaler Ventures," or any other individual defendant is not separate from Oncomed, the requests merely incorporate background information on Oncomed itself. Thus, Plaintiffs' fourth objection is overruled.

In their fifth objection, Plaintiffs protest the denial of their request for leave to amend the Complaint. (Obj. at 3–4.) This denial was not part of the Report and Recommendation, but rather was issued as a separate, contemporaneous order. (Dkt. 49.) Pursuant to Federal Rule of Civil Procedure 72(a), a party has 14 days in which to serve and file objections to a magistrate judge's disposition of a "pretrial matter not dispositive of a party's claim or defense." While Plaintiffs received a stipulation to extend the deadline for objections to the Report and Recommendation, they did not ask for an extension for the deadline for objections to the Order Denying Leave to File an Amended Complaint. (*See* Dkt. 51.) This objection, filed more than 14 days after entry of the order, is untimely and will not be considered.

In their sixth and final objection, Plaintiffs argue that the Report "fail[s] to consider applicability of Section 27 of Securities Act 1934 [15 U.S.C. § 78aa] allowing for nationwide service of process, in conjunction with Michigan's long arm statute." (Obj. at 4.) This argument was not presented to the Magistrate Judge and it is therefore waived. It will not be addressed for the first time on review.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** Magistrate Judge Komives' Report and Recommendation. Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) is **GRANTED**. This case is **DISMISSED**.

**IT IS SO ORDERED.**

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson